UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANLEY CHANCE,<br><br>　　　　　Plaintiff,<br>　v.<br><br>KELLY MACHADO,<br>CHARLES MORGAN,<br>ROXANA LLOVET,<br>JAMES SIRLEAR,<br>BRIDGEPORT POLICE DEPARTMENT,<br>and<br>STATE OF CONNECTICUT<br>JUDICIAL MARSHAL SERVICE<br><br>　　　　　Defendants. | 3:08-cv-774 (CSH) |

**RULING ON MOTIONS TO DISMISS**

HAIGHT, Senior District Judge:

　　Now pending are four motions pursuant to F. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss *pro se* Plaintiff Stanley Chance's Amended Complaint. [Doc. 35]  Plaintiff's claims arise from his June 11, 2007 arrest for disorderly conduct, and his subsequent involuntary commitment, on an emergency basis, to Bridgeport Hospital's psychiatric ward.  The Amended Complaint is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, and 18 U.S.C. § 1961-1968.  Plaintiff alleges violations of the Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution, as well as of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.  Plaintiff seeks injunctive and declaratory relief, damages in excess of seventeen million dollars, and criminal prosecution of the Defendants.

　　Defendants Kelly Machado, a forensics court intervention supervisor at Southwest Connecticut Mental Health Systems ("SWCMHS"), and Roxana Llovet, a psychiatrist at

SWCMHS, moved for dismissal on May 7, 2009. [Doc. 44] Defendant Bridgeport Police Department moved to dismiss the Amended Complaint on May 29, 2009. [Doc. 50] Defendants Charles Morgan and James Sirlear, doctors at Bridgeport Hospital, moved for dismissal on June 1, 2009. [Doc. 52] On June 25, 2009, Defendant State of Connecticut Judicial Marshal Service filed its Motion to Dismiss. [Doc. 60] Plaintiff has not responded to any of the motions to dismiss. For the reasons stated herein, Defendants' Motions to Dismiss [Docs. 44, 50, 52 & 60] are **GRANTED**.

The deadline for Plaintiff's response to the last of the four motions to dismiss was July 16, 2009. At that time, however, some of the Defendants had failed to comply with Local Civil Rule 12, which requires any represented party moving to dismiss the complaint of a party proceeding *pro se* to file and serve a "Notice to *Pro Se* Litigant Opposing Motion to Dismiss," with copies of F. R. Civ. P. 12 and Local Civil Rule 7 attached. On July 24, 2009, the Court ordered those Defendants not in compliance with this requirement to satisfy it, and set August 21, 2009 as Plaintiff's new deadline to respond to the motions to dismiss. [Doc. 63]

Plaintiff again failed to respond to the motions to dismiss, notwithstanding being served four times with the required "Notice to *Pro Se* Litigant Opposing Motion to Dismiss," in conjunction with each motion to dismiss. That Notice states, in capital letters, "The Defendants' motion may be granted and your claims may be dismissed without further notice if you do not file opposition papers as required by Rule 12 of the Federal Rules of Civil Procedure and if the Defendants' motion shows that Defendants are entitled to dismissal of any or all of your claims." Local Civil Rule 7(a)(1), a copy of which Plaintiff was served four times, provides that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the

motion, except where the pleadings provide sufficient grounds to deny the motion." While parties proceeding *pro se* are due a certain degree of latitude, particularly with regard to complex or obscure matters, that does not extend to permitting their failure to comply with the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules with respect to matters such as deadlines.

      The Court has reviewed Plaintiff's Amended Complaint and the Motions to Dismiss. Taking the allegations in the Amended Complaint as true, and viewing them in the light most favorable to Plaintiff, the Amended Complaint is dismissed.  Plaintiff's Eighth Amendment claim fails because the prohibition against cruel and unusual punishment applies in the context of a criminal conviction, which was not Plaintiff's situation.  Plaintiff's Thirteenth Amendment claim fails because he has not pled any facts that support a claim of slavery or involuntary servitude, such as an allegation that he was coerced or forced into laboring against his will.

      Plaintiff's RICO claim fails because he has not adequately alleged the various elements of a RICO claim.  RICO makes it "unlawful for any person employed by or associated with" an enterprise engaged in or affecting interstate or foreign commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c).  Plaintiff has not alleged the commission of any of the predicate acts that constitute "racketeering activity," has not alleged a pattern of such acts, and has not alleged that he was injured in his business or property by reason of a violation of RICO's criminal prohibitions, as is also required.

      Plaintiff's Section 1983 claims for violation of the Fourteenth Amendment fail as to Defendant State of Connecticut Judicial Marshal Service because it is a state agency, and, as an

arm of the state, it is not a "person" within the meaning of Section 1983, and therefore is not subject to suit under Section 1983. Plaintiff's Section 1983 claims against Defendant Bridgeport Police Department (the "Department") fail because Plaintiff has not alleged that the Department was acting pursuant to any Department policy, custom or practice, whether formal or informal, when its police officers, who are not named as Defendants, took the actions that Plaintiff contends violated his constitutional rights. See Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978).

Plaintiff must allege facts demonstrating that each defendant was a state actor or acted under color of state law. Plaintiff's Section 1983 claims fail as to Defendants Dr. Morgan and Dr. Sirlear, because they were employees of the privately-owned Bridgeport Hospital, and were not state actors or acting under color of state law. Plaintiff's Amended Complaint fails to meet the state action requirement with respect to Defendants Machado and Llovet as well, in that it does not state that Southwest Connecticut Mental Health Systems, the entity for whom Defendants Machado and Llovet are alleged to have worked, is a government-run rather than private entity. Even assuming the former, Plaintiff does not appear to attempt to assert a due process claim against Defendants Machado and Llovet, because Plaintiff specifically states that he had a liberty interest in "being released and that liberty interest willfully, wontedly [sic] and deliberately [was] taken away by the Judicial Marshal Service and the Bridgeport Police." (Am. Compl. ¶ 5.) Thus, there is no specific allegation of an infringement of Plaintiff's due process rights or liberty interest by Defendants Machado and Llovet.

The full extent of Plaintiff's allegations with respect to his equal protection claim is that "other similarly situated person[s] in Chance's position are not subjected to the treatment that

Chance was subjected too" [sic].  (Am. Compl. ¶ 34.)  Plaintiff's equal protection claim fails because he does not allege how or in what respect he was treated differently, and does not identify who is similarly situated to him for purposes of equal protection analysis.  Nor has Plaintiff adequately alleged a "class of one" equal protection claim.  See <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562 (2000).

Finally, Plaintiff's requests for declaratory and injunctive relief fail because his allegations relate exclusively to past injury, which, without the real and immediate likelihood of future injury, does not convey on Plaintiff standing to seek prospective relief.  See <u>O'Shea v. Littleton</u>, 414 U.S. 488 (1974); <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 (1983).  Plaintiff's allegation that he obtained a hearing before the probate court and was released (Am. Compl. ¶ 32) establishes that Plaintiff cannot assert an ongoing violation of his liberty interest, and that any assertion with respect to future violations of his liberty interest would be speculative at best.

<u>CONCLUSION</u>

In light of Plaintiff's failure to respond, and after review of the merits, Defendants' Motions to Dismiss [Docs. 44, 50, 52 & 60] are GRANTED as to all Defendants and all claims, regardless of whether they have been specifically discussed herein.  The Clerk shall close the case.

It is SO ORDERED.

Dated: New Haven, Connecticut

October 22, 2009

                                                  */s/ Charles S. Haight, Jr.*
                                                  Charles S. Haight, Jr.
                                                  Senior United States District Judge