# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

STANLEY CHANCE

               Plaintiff,

  v.

KELLY MACHADO, CHARLES
MORGAN, ROXANA LLOVET, JAMES
SIRLEAR, BRIDGEPORT POLICE
DEPARTMENT, and STATE OF
CONNECTICUT JUDICIAL MARSHAL
SERVICE

          Defendants.

3:08-CV-000774 (CSH)

## ORDER

Plaintiff Stanley Chance (hereafter "Plaintiff"), a *pro se* plaintiff, initially filed a Complaint

in this action on May 14, 2008. [Doc. 1].  He then filed an Amended Complaint on March 12, 2009.

[Doc. 35].  Plaintiff's claims arose from his June 11, 2007 arrest for disorderly conduct and his

subsequent involuntary commitment, on an emergency basis, to Bridgeport Hospital's psychiatric

ward.  His Amended Complaint was brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42

U.S.C. § 1988, and 18 U.S.C. § 1961-1968.  Plaintiff alleged violations of the Eighth, Thirteenth,

and Fourteenth Amendments to the United States Constitution, as well as of the Racketeer

Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962.  Plaintiff sought injunctive and

declaratory relief, damages in excess of seventeen million dollars, and criminal prosecution of

Defendants.  Familiarity with the underlying facts of this case are assumed.

On October 22, 2009, this Court issued a Ruling on Motions to Dismiss in which it

considered four Motions to Dismiss [Docs. 44, 50, 52 & 60] filed by Defendants.  [Doc. 68].  In light

of Plaintiff's failure to respond, and after review of the merits, Defendants' Motions to Dismiss were

granted as to all Defendants and all claims, and the Court ordered the Clerk to close the case.  *Id.* at

5.  Judgment was accordingly entered in favor of Defendants on October 23, 2009.  [Doc. 69].  On

August 20, 2012, Plaintiff filed two motions: a Motion to Reopen the Case [Doc. 70]; and a Motion

to Appoint Counsel [Doc. 71].  The Court denied both these motions in an Order the following day,

stating that "[t]his action was dismissed and is closed.  The Court cannot reopen it unless a reason

for altering the Court's Judgment is provided." [Doc. 72].

Plaintiff has now sought to provide such a reason to alter the Court's Judgment in Plaintiff's

Motion for Reconsideration, which is currently before the Court.  In this Motion for Reconsideration,

Plaintiff asks the Court to "reconsider its denying [Plaintiff's prior] motion to reopen this case and

his motion to appoint counsel because being on mind altering drugs for over 4 years is a good reason

to alter the [Court's] decisions." [Doc. 73] at 1.  While the Court is sympathetic to the circumstances

described by Plaintiff, it has no option but to conclude that such a reason does not meet the necessary

standards for the Court to reconsider its prior Order.  The law in this District and Circuit is clear that

a court "will only reconsider a prior decision in the same case if there has been an intervening change

in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to

prevent manifest injustice." *Yalincak v. Barack Ferrazzano Kirschbaum Perlman and Nagelberg,*

*LLP*, No. 3:07-CV-00331, 2007 WL 2874703 at *1 (D. Conn. Sept. 26, 2007) (quoting *United States*

*v. Sanchez*, 35 F.3d 673, 677 (2d Cir. 1994)).  The reason that Plaintiff has provided in his Motion

for Reconsideration does not fall under any of these categories, and Plaintiff has not otherwise

averred that there has been any intervening change in controlling law, that there is new evidence, or

that there is a demonstrated need to correct a clear error of law or to prevent manifest injustice.  As the Second Circuit has noted, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995).

In addition, although Plaintiff's Motion for Reconsideration is technically not a motion for the Court to reopen the case, but rather a motion for the Court to reconsider its August 21, 2012 Order which in part denied Plaintiff's previous motion to reopen this case, the Court notes that it has no option but to conclude that the reason Plaintiff has given in asking for the Court's reconsideration is also not sufficient for the Court to reopen the case under Fed. R. Civ. P. 60(b).  Rule 60(b) states: "On motion and just terms, the court may relieve a party ... from a final judgment, order or proceeding" should: (1) there have been mistake, inadvertence, surprise, or excusable neglect; (2) there be newly discovered evidence; (3) there be fraud; (4) the judgment is found to be void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  That Plaintiff as been "on mind altering drugs for over 4 years," [Doc. 73] at 1, does not meet any of the criteria laid out by Rule 60(b), and Plaintiff has not otherwise averred that any one above-enumerated criterion has been met.

The Court recognizes that Plaintiff is a pro se litigant.  However, "[a]lthough *pro se* litigants should be afforded some latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middleton*, 71 F.3d 88, 92 (2d Cir. 1995).

Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration [Doc. 73] in its

3

entirety.

   The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
   April 30, 2013


                /s/Charles S. Haight, Jr.
                Charles S. Haight, Jr.
                Senior United States District Judge

4